FILED

10 DEC -8 PM 2:18

CLERK...
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD J. TRUCCHIO (#00705-748),
        Petitioner,

8:10CV2743-T24TGW
10-cv-_____-SCB
(04-cr-348-SCB)

-against-

WARDEN, UNITED STATES
PENITENTIARY, LEWISBURG,
        Respondent.

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE SENTENCE BY PERSON IN FEDERAL CUSTODY

1. The judgment being challenged was entered in the United States District Court for the Middle District of Florida, Tampa Division, Honorable Susan C. Bucklew, Criminal Docket # 04-cr-00348-SCB-TGW.

2. The Judgment of Conviction was entered on March 5, 2007.

    Sentence was imposed on March 2, 2007.

3. Petitioner was sentenced to life imprisonment, 60 months supervised release, and a $25,000 fine.

4. The nature of the offense of conviction is racketeering conspiracy in violation of 18 U.S.C. § 1962(d).

5. Petitioner entered a not guilty plea and proceeded to trial.

6. Petitioner was tried before a jury.

7. Petitioner did not testify at any hearing, trial, or post-trial hearing.

8. Petitioner appealed from the judgment of conviction.

9. Appeal Information

    a. Petitioner appealed to the Court of Appeals for the 11th Circuit.

    b. Docket # 07-11093-BB

    c. The appeal was denied.

    d. Date of decision: April 14, 2008

    e. Citation: 273 Fed. App'x 836 (11th Cir. 2008)

    f. Grounds Raised:

        i. Trial court's denial of a continuance deprived defendant of Constitutional right to counsel of choice.

        ii. Defendant's waiver of right to counsel was inadequate.

        iii. Admission of certain expert testimony violated right to confront witnesses.

        iv. Trial court abused its discretion in denying motion for post-trial evidentiary hearing.

    g. Petitioner filed a petition for *certiorari*.

        i. Docket # 08-6455

        ii. *Certiorari* was denied.

        iii. Order of denial, October 20, 2008

        iv. 129 S. Ct. 477 (2008)

        v. Grounds raised: unknown

10. Other than direct appeals listed above, Petitioner has not filed any other motions, petitions, or applications concerning this judgment of conviction.

11. Not applicable.

12. Petitioner asserts that he is in custody in violation of the Constitution and laws of the United States because newly discovered evidence disproves the central premise of the government's case against him and the evidence upon which his sentence is based. Thus, it is probable that the results would be different if he were retried and/or re-sentenced. More specifically, newly discovered evidence proves that Petitioner's conviction is based upon the perjured testimony of cooperating witnesses who lied regarding Petitioner's authority over their actions and consequent responsibility for their crimes. In addition, a portion of the newly discovered evidence is exculpatory in nature, was in the government's possession prior to trial, and was not produced to Petitioner. The facts and legal arguments supporting this claim are set forth more fully in the accompanying memorandum of law and are incorporated by reference herein.

13. The issue in this motion has not been raised in any appeal or previous post-conviction motion.

14. No motion or appeal is now pending in any court concerning the judgment at issue herein.

15. Petitioner was represented by the following attorneys:

   a. In all pre-trial proceedings, at trial, and at sentencing: Joseph R. Corozzo, Rubenstein and Corozzo, PC, 260 Madison Avenue, New York, NY 10016.

   b. Appeal: John L. Pollock, Hoffman & Pollock, LLP, 260 Madison Avenue, 22nd Floor, New York, NY 10016.

16. Petitioner is currently serving a life sentence imposed on the single count of conviction.

17. Petitioner will not have any other sentence to serve when he completes his sentence in the instant matter but is serving a 20-year sentence imposed by the United States District Court for the Southern District of Florida that he will complete in or about March 2027.

18. This motion is timely under 28 U.S.C. § 2255(f)(4) because it is filed within one year of the discovery of new evidence that could not have been obtained earlier with the exercise of due diligence.

WHEREFORE, Petitioner requests that the Court vacate his sentence and grant any other relief to which he may be entitled in this proceeding.

HENRY GONZÁLEZ
Attorney at Law
708 Jackson Street
Tampa FL 33602
813-221-2505
813-221-2205 (fax)
gonzalezlegal1@verizon.net
*Attorney for Ronald J. Trucchio*

SETH GINSBERG
Law Office of Seth Ginsberg
225 Broadway, Suite 715
New York, NY 10007
(212) 537-9202
(646) 607-8597 (fax)
srginsberg@mac.com
*Attorney for Ronald J. Trucchio*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 7, 2010:

Ronald J. Trucchio