UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD J. TRUCCHIO,

    Petitioner,

v.                                                        Case No.: 8:10-cv-2743-T-24-TGW
                                                        Case No.: 8:04-cr-348-T-24-TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause comes before the Court upon the United States' Motion to Dismiss as Time-Barred Ronald Trucchio's motion to vacate, set aside, or correct sentence. (Civ. Doc. 14). Ronald Trucchio opposes the motion. (Civ. Docs. 19 & 31). For the reasons set forth below, the United States' Motion to Dismiss as Time-Barred (Civ. Doc. 14) is **GRANTED**.

**I.**     **Background**

On June 29, 2005, Ronald Trucchio ("Trucchio") and others were charged with conspiracy to violate the Racketeer Influenced and Corrupt Organizations ("RICO") statute, in violation of 18 U.S.C. § 1962(d). (Cr. Doc. 231). On November 29, 2006, a jury found Trucchio guilty of that charge. (Cr. Doc. 621). On March 5, 2007, the Court sentenced Trucchio to a term of life imprisonment followed by 60 months of supervised release.[1] (Doc. 703).

On December 8, 2010, Trucchio filed a motion to vacate, set aside, or correct sentence

---

[1] The Court amended the judgment to correct restitution amounts and payee information on March 21, 2007 and April 13, 2007. (Docs. 716, 743). The term of life imprisonment followed by 60 months of supervised release remained the same.

under 28 U.S.C. § 2255. (Civ. Doc. 1). This Court dismissed the motion without prejudice and instructed Trucchio to re-file on the correct form and to provide a memorandum of law in support of his motion. (Civ. Doc. 4). On December 16, 2010, Trucchio filed a Motion to Vacate, Set Aside, or Correct sentence under 28 U.S.C. § 2255 on the correct form with an accompanying memorandum of law. (Civ. Doc. 6). On April 4, 2011, the Government filed a motion to dismiss Trucchio's § 2255 motion as untimely. (Civ. Doc. 14). On May 9, 2011, Trucchio filed an opposition to that motion to dismiss. (Civ. Doc. 19). On May 25, 2011, the United States filed a reply to Trucchio's opposition. (Civ. Doc. 23).

On July 2, 2012, this Court ordered the Government to provide additional information and documentation regarding restrictions on the release of § 3500 materials,[2] including transcripts and stipulations, issued in cases <u>United States v. Carneglia</u>, 08-cr-76 (E.D.N.Y. 2008), and <u>United States v. Gotti</u>, 08-cr-1220 (S.D.N.Y. 2008). (Civ. Doc. 25). On July 26, 2012, the Government provided the requested information. (Civ. Doc. 28). Trucchio filed a response to the Government's provision of the requested information as well as a Sur-Reply to the United States's original reply brief.

**II.    Discussion**

The Court issued Trucchio's final amended judgment on April 13, 2007. (Cr. Doc. 743). The Eleventh Circuit Court of Appeals affirmed the conviction on April 14, 2008. (Cr. Doc. 840). On October 20, 2008, the United States Supreme Court denied certiorari. <u>See</u> <u>Ronald</u>

---

[2] After a witness has testified, 18 U.S.C. § 3500(b) requires the United States to produce to the defense any statements of that witness in the possession of the United States that relate to his or her testimony. According to the Government, FBI 302/1023 reports, "while not actually § 3500 material, are commonly produced in the SDNY to counsel prior to trial with the § 3500 material. Such was the practice in the Gotti case." (Doc. 23, p.1, n.2).

Trucchio v. United States, 555 U.S. 978 (2008). Trucchio's judgment was therefore final on October 20, 2008.

Trucchio filed his 28 U.S.C. § 2255 motion on December 8, 2010 and pursuant to the Court's order his corrected motion on December 16, 2010. Both the original §2255 motion as well as the corrected motion were filed over two years after his conviction was final. Trucchio argues, however, that his petition should be considered timely because it was based on newly discovered evidence that could not have been obtained through due diligence prior to January 13, 2010, when the Government announced that it would not pursue a re-trial against John A. Gotti in the Southern District of New York. (Doc. 19, p.3). Trucchio argues that FBI reports turned over as § 3500 material in discovery in the Gotti trial support Trucchio's § 2255 motion, and that those
§ 3500 materials could not have been available to him prior to January 13, 2010. (Doc. 19, p.3).

The United States counters that any restrictions placed upon the dissemination of the § 3500 materials to persons other than parties in the United States v. Gotti, 08-cr-1220 (S.D.N.Y. 2008) trial were lifted at the time of the discharge of the jury in that case. (Civ. Doc. 23, p.7). The United States argues that any such restrictions were therefore lifted as of December 1, 2009, more than a year before Trucchio filed his § 2255 motion on December 8, 2010 and his corrected petition on December 16, 2010. (Civ. Doc. 23, p.7).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a mandatory, one-year period of limitation for § 2255 motions, which runs from the latest of the following events:

(1) the date on which the judgment of conviction becomes final;

    (2)      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

    (4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

As a result of disclosures to the media in the Gotti case by defense counsel, the Government requested restricted dissemination of the § 3500 materials in that case. (Civ. Doc. 28, Exhibit 9). On September 18, 2009, Southern District of New York District Judge P. Kevin Castel issued an order requiring all counsel in the Gotti case to comply with Southern District of New York Local Criminal Rule 23.1. (Civ. Doc. 28, Exhibit 10). Southern District of New York Local Rule 23.1 required that lawyers not release "non-public information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which they are associated, if there is a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." (Civ. Doc. 28, Exhibit 14, pp. 2-3). Judge Castel held that "defense counsel shall show cause in writing . . . why the foregoing Order shall not be continued in place until the jury is discharged." (Civ. Doc. 28, Exhibit 10).

Judge P. Kevin Castel then held a hearing on September 21, 2009, in which the parties discussed the parameters of the court's September 18, 2009 order as it related to the

dissemination of § 3500 material. (Civ. Doc. 28, Exhibit 11). The transcript reads as follows:

| | |
|---|---|
| MR. HONIG: | One thing we request from the court, I have spoken about it with defense counsel, I've gotten, I am not sure, we have consent, that there will be no disclosures of any of the Rule 3500 materials to the public or the press with the exception of the defense team can speak to people mentioned in the 302s and show the 302s to people mentioned for normal investigative purposes. But beyond normal investigative purposes, both sides agree that there will be no disclosure to any public outside parties of any of the 3500 materials. |
| THE COURT: | All right. Mr. Carnesi, is that correct. |
| MR. CARNESI: | Yes, it is, your Honor. |
| THE COURT: | In furtherance of my order with regard to compliance with Local Rule 23.1, I will adopt the stipulation of the parties as an order of the court in furtherance of my order of last Friday. I take it, Mr. Carnesi, that the defendants have no objection to the continuation of that order **pending discharge of the jury**. |
| MR. CARNESI: | That's correct, sir. |
| THE COURT: | **So it is continued pending discharge of the jury**. This is my order of September 18, 2009, with respect to Local Rule 23.1. |

(Civ. Doc. 29, Exhibit 11) (emphasis added). As such, on September 21, 2009, Judge Castel specifically incorporated into his September 18, 2009 order, a restriction that the § 3500 materials not be distributed to any non-parties in the Gotti trial until the jury was discharged in the Gotti case.

The Gotti case ended in a mistrial on December 1, 2009, and the jury was discharged on that date. Judge Castel's order restricting the dissemination of the § 3500 material, therefore, expired on December 1, 2009. As such, this Court finds that the materials relating to Trucchio's claims could have been discovered through reasonable diligence after the protective order on those materials was lifted upon the discharge of the jury in the Gotti case on December 1, 2009.

The materials relating to John Alite's § 3500 material could have been obtained through the exercise of due diligence as of December 1, 2009. Given that Trucchio did not file his § 2255 motion until December 8, 2010 and his corrected motion on December 16, 2010, both over a year after the materials could have been discovered through the exercise of due diligence, Trucchio's § 2255 petition is untimely.[3,4]

### III. Conclusion

Accordingly, the United States' Motion to Dismiss as Time-Barred Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Civ. Doc. 14) is **GRANTED**. Trucchio's Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (Civ. Doc. 6) is dismissed as time-barred. The Clerk is directed to close the civil case, Case 8:10-cv-2743-T-24TGW.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of August, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Petitioner Ronald J. Trucchio

---

[3] The Court also notes that the § 3500 materials were not subject to any dissemination restrictions from the time of their disclosure to defense counsel in the Gotti case on August 26, 2009 until the date of the protective order on September 18, 2009. (Doc. 23, p.1)

[4] Although Trucchio does not specifically argue that equitable tolling applies, this Court nevertheless finds that it does not apply. Trucchio has not overcome his burden of showing extraordinary circumstances that were beyond his control and unavoidable even with due diligence. See Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).