UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD J. TRUCCHIO,

    Petitioner,

v.                                            Case No.: 8:10-cv-2743-T-24-TGW
                                               Case No.: 8:04-cr-348-T-24-TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

        This cause comes before the Court on Petitioner's Motion for Reconsideration. (Civ. Doc. No. 34). The Government opposes the motion. (Civ. Doc. No. 35). As explained below, the motion is denied.

**I. Background**

        On December 8, 2010, Petitioner filed a § 2255 motion, and on December 16, 2010, he filed an amended § 2255 motion. (Civ. Doc. 1, 6). In response, the Government filed a motion to dismiss Petitioner's § 2255 motion as untimely, because his conviction became final on October 20, 2008—more than two years prior to the filing of his § 2255 motion. (Civ. Doc. 14).

        Petitioner argued that his § 2255 motion was timely filed, because it was based on newly discovered evidence (§ 3500 material) that could not have been obtained through due diligence prior to January 13, 2010 (the date that the *nolle prosequi* order was entered in the Gotti case). This Court rejected Petitioner's argument and concluded that the § 3500 material could have been obtained when the protective order relating to the § 3500 material expired upon the

discharge of the jury in the Gotti case, which occurred on December 1, 2009 when a mistrial was declared. (Civ. Doc. No. 32). This Court also noted that the § 3500 material was not subject to a protective order from August 26, 2009 through September 18, 2009. (Civ. Doc. No. 32). Therefore, the Court granted the Government's motion to dismiss Petitioner's § 2255 motion as time-barred. (Civ. Doc. No. 32). Judgment was entered in Petitioner's civil case on August 20, 2012.

On September 13, 2012, Petitioner filed the instant motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). In support of his motion, Petitioner submits two affirmations—one from Allen Frankel and one from Petitioner's counsel, Seth Ginsberg. (Civ. Doc. No. 34-1, 34-2).

Frankel's affirmation states that he is an attorney, and he spoke with Ellen Davis, Chief Public Information Officer for the United States Attorney's Office for the Southern District of New York. Frankel states in his affirmation that Davis said that she would not have released the § 3500 material at issue if it had been requested at the conclusion of the Gotti trial, and instead, someone would have had to file an application under the Freedom of Information Law to get such documents.

Ginsberg's affirmation states that after the mistrial in the Gottti case, he asked for the § 3500 material from Gotti's counsel, Charles Carnesi, and Carnesi told him that he would not disclose the § 3500 material until an order of dismissal in the Gotti case was filed. Ginsberg further states that Carnesi informed him on January 13, 2010 that he would disclose the § 3500 material.

**II. Standard of Review**

Rule 59(e) allows a party to file a motion to alter or amend a judgment within 28 days after the entry of judgment. While Rule 59(e) does not set forth the standard for such a motion, courts have explained the standard as follows:

> A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Generally, courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Reconsideration of a previous order is an *extraordinary* remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.

Gulf Highlands Development, L.L.C. v. Merrill, 2010 WL 3941448, at *1 (S.D. Ala. Oct. 5, 2010)(quotation marks and citations omitted).

**III. Motion for Reconsideration**

Petitioner moves for reconsideration of the order granting the Government's motion to dismiss his § 2255 motion as time-barred. Petitioner argues that reconsideration is warranted to correct factual errors and manifest injustice. However, Petitioner merely rehashes the same arguments that he put forth in his response and reply to the Government's motion to dismiss, which this Court has already considered and rejected. While Petitioner has submitted two additional affirmations (from Allen Frankel and from Petitioner's counsel, Seth Ginsberg), these affirmations should have been submitted in connection with Petitioner's opposition to the Government's motion to dismiss. Furthermore, these affirmations do not contain any new evidence that would support reconsideration. Accordingly, the Court concludes that reconsideration is not warranted, and as such, Petitioner's motion is denied.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's Motion for Reconsideration (Civ. Doc. No. 34) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of October, 2012.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge