UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD J. TRUCCHIO,

    Petitioner,

v.                                                        Case No.: 8:10-cv-2743-T-24-TGW
                                                      Case No.: 8:04-cr-348-T-24-TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

    This cause comes before the Court on Trucchio's Application for a Certificate of Appealability ("COA") regarding this Court's August 17, 2012 Order granting the Government's motion to dismiss his § 2255 motion as untimely and this Court's October 17, 2012 Order denying his motion for reconsideration. (CV Doc. No. 32, 36). As explained below, the motion for a COA is **GRANTED**.

**I.  Background**

    On December 8, 2010, Petitioner filed a § 2255 motion, and on December 16, 2010, he filed an amended § 2255 motion. (Civ. Doc. 1, 6). In response, the Government filed a motion to dismiss Petitioner's § 2255 motion as untimely, because his conviction became final on October 20, 2008—more than two years prior to the filing of his § 2255 motion. (Civ. Doc. 14).

    Petitioner argued that his § 2255 motion was timely filed, because it was based on newly discovered evidence (§ 3500 material) that could not have been obtained through due diligence prior to January 13, 2010 (the date that the *nolle prosequi* order was entered in the Gotti case). This Court rejected Petitioner's argument and concluded that the § 3500 material could have been obtained when the protective order relating to the § 3500 material expired upon the discharge of the jury in the Gotti case, which occurred on December 1, 2009 when a mistrial was declared. (Civ. Doc. No. 32). This Court also noted that the § 3500 material was not subject to a protective order from August 26, 2009 through September 18, 2009. (Civ. Doc. No. 32).

Therefore, the Court granted the Government's motion to dismiss Petitioner's § 2255 motion as time-barred. (Civ. Doc. No. 32).

Thereafter, Petitioner filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (CV Doc. No. 34). The Court denied the motion. (Cv Doc. No. 36). Now, Petitioner moves this Court for a COA.

## II.  Application for a COA

A prisoner seeking to vacate his sentence has no absolute entitlement to appeal a district court's denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has made the requisite showing in these circumstances.

The Court acknowledges that resolution of the issue for which Petitioner seeks a COA–whether his original § 2255 motion was timely filed—is a close call given the circumstances that occurred in the Gotti case.  While the Court believes that it reached the correct conclusion, the Court acknowledges that reasonable jurists could debate whether the § 2255 motion was, in fact, timely filed.  As such, the Court finds that a COA is warranted under 28 U.S.C. §2253(c)(1) as to whether Petitioner's §2255 Petition, based on newly discovered evidence, was barred by the 1 year period of limitation

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's request for a COA is **GRANTED**. **The Court issues a COA as to the issue of whether Trucchio's § 2255 Petition, based on newly discovered evidence, was timely filed under 28 U.S.C. § 2255(f)(4).**

**DONE AND ORDERED** at Tampa, Florida, this 10th day of January, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Eleventh Circuit Court of Appeals